IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DOUGLAS CHAD HARRELL, # 938466 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-03-1006 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID[1] | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Douglas Chad Harrell, a

prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-

CID").  Respondent filed an Answer with Brief in Support seeking the dismissal with prejudice of

Petitioner's claims.  (Instrument No. 14).  Having carefully considered the Petition, the parties'

motions and briefs, and the state court records, the Court submits its Report and Recommendation

to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241

and 2254.  The State has custody of Petitioner pursuant to a judgment and sentence entered by the

10th Judicial District Court of Galveston County, Texas in Cause Number 99-CR-0287.[2]  Petitioner

was indicted for the felony offense of aggravated kidnapping.  He pled "not guilty" and the case was

tried to a jury.  After hearing all the evidence, the jury found Petitioner guilty and, on July 17, 2000,

---

[1] The previous named Respondent in this action was Doug Dretke.  Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the TDCJ-CID and, under Rule 25(d)(1) of the Federal Rules of Civil Procedure, is automatically substituted as a party.

[2] The State also has custody of Petitioner pursuant to a judgment and sentence, entered by the 10th District Court of Galveston County, Texas in Cause Number 99-CR-0286, for robbery.

his punishment was assessed at fifty-five (55) years imprisonment. *Ex parte Harrell*, WR-56,561-02 at 46-48.

Petitioner appealed his conviction.  The Fourteenth Court of Appeals affirmed the conviction on December 6, 2001.  *Harrell v. State*, Nos. 14-00-01100-CR & 14-00-01101-CR (Tex.App.–Houston [14th Dist.] 2001).  Petitioner filed a Petition for Discretionary Review with the Texas Court of Criminal Appeals ("TCCA"), which the Court refused on May 29, 2002.  *Harrell v. State*, PDR No. 0543-02.

On June 10,2003, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *Ex parte Harrell*, WR-56,561-02 at 1-36.  The TCCA denied his writ without written order on August 27, 2003.  *Id.* at cover.

Petitioner filed the instant writ in federal court on November 6, 2003.  In his federal habeas corpus application, Petitioner challenges his conviction on the following grounds:  (1) the finding by the jury that Petitioner did not release Complainant in a safe place was manifestly unjust; (2) the trial court judge was not elected in conformity with Texas Government Code §§ 74.052, 74.053, and 74.056; (3) he received ineffective assistance of counsel at trial; and (4) he is actually innocent.  Fed. Writ Pet. at 7; Pet'r Memo. at 1.

### Claim Concerning Jury Finding

Petitioner contends that jury's finding that he did not release the Complainant in a safe place, which is an affirmative defense, was manifestly unjust.  Petitioner's challenge is to the factual sufficiency of the evidence.

A claim of factual insufficiency is a creation of Texas state law.  *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996).  No such distinction is recognized by federal courts and, as such,

a claim of factual insufficiency is not cognizable when seeking federal habeas relief. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). Petitioner's claim must, therefore, be dismissed.

Even to the extent that Petitioner had raised a claim of legal insufficiency, he would still not be entitled to relief. Petitioner raised this issue on appeal and then ultimately to the Court of Criminal Appeals in a petition for discretionary review. *Harrell v. State*, Nos. 14-00-01100-CR & 14-00-01101-CR (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd 2002). As such, the Court cannot grant habeas relief unless Petitioner shows that the state court's judgment (1) resulted in a decision contrary to, or involved an unreasonable application of, federal law, or (2) was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(1)-(2). In determining a claim for legal insufficiency, a federal habeas court decides whether "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary" for the crime's essential elements. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices must be construed in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000). Here, Petitioner has not shown that the state court's judgment in this matter involved an unreasonable application of federal law or was unreasonable in light of the evidence.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

*Claim Concerning Election of Trial Court Judge*

Petitioner alleges that the state trial court judge, a senior judge, was not the "duly elected judge of the 10th Judicial District Court, lacked authority to preside over applicant's criminal trial" in violation of Texas law and his due process rights. Fed. Writ Pet. at 7; Pet'r Memo. at 1-4.

In general, except in cases when a defendant claims that a judge operated under an actual bias, prejudice or had an interest in the outcome of the case, issues concerning the qualification of

3

a judge to hear a case do not raise constitutional issues. *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 820 (1986); *see also U.S. v. Couch*, 896 F.2d 78, 81 (5th Cir. 1990). In the instant case, Petitioner clearly does not contend that the state trial court judge who tried his case was biased, prejudiced, or lacked impartiality. Instead, Petitioner's claim is that the state trial court failed to follow Texas statutory procedure, which simply does not raise a federal constitutional issue upon which he would be entitled to federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural laws, unless a federal issue is also presented); *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998) (same); *see also Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970) (federal courts "do not sit as a 'super' state supreme court" in such a proceeding to review errors under state law).

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this point.

*Claim of Ineffective Assistance of Trial Counsel*

Petitioner claims that he received ineffective assistance of counsel at trial. The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. It does not, however, guarantee a criminal defendant errorless representation. *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984). To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

In addition, when there has been an adjudication on the merits in state court, as there has been in this case, a federal court must afford considerable deference to the state court's findings of

4

fact in the course of deciding a claim of ineffective assistance of counsel.  *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998).  A federal court may not grant habeas relief unless it decides that the state court's application of the *Strickland* standard was "objectively unreasonable."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000).  In making this determination a federal court must focus on the state court's ultimate legal conclusions, not its reasoning.  *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).

Here, Petitioner's claim of ineffective assistance of counsel is limited to the sole contention that his attorney failed to properly research the law and "establish a firm command of the operative facts and relevant law regarding the offense of aggravated kidnapping" and maintains that had counsel done so "he would have learned that the act of Aggravated Kidnapping committed in the instant case and the indictment for Aggravated Kidnapping as well as the conviction itself was null and void."  Fed. Writ Pet. At 7; Pet'r Memo. at 5, 8.  Petitioner's claim against trial counsel is premised on *Hines v. State*, 40 S.W.3d 705 (Tex.App.–Houston [14[th] Dist.] 2001), in which a Texas appellate court held that a conviction for aggravated kidnaping "requires more than temporary confinement or slight movement which is part and parcel of the commission or attempted commission of another substantive criminal offense."  Pet'r Memo at 9.  Petitioner claims similar to *Hines*, his intent was "not to kidnap the complainant but to rob her of her car," the "'kidnapping' was incidental to the actual robbery of the complainant," and that the "complainant was driven approximately five to six miles during the course of three to eight minutes and released."  Pet'r Memo. at 9, 14.

Petitioner's claim is simply without merit.  First, the opinion in *Hines* was not even issued until *after* his conviction in 2000, and Petitioner fails to point to any other authority in Texas that

5

preceded *Hines* that would have foreshadowed the court's holding in that case.  Second, and perhaps more importantly, the Texas Court of Criminal Appeals reversed the appellate court opinion in *Hines* on this very issue by holding that there is no *per se* bar to a kidnapping prosecution for conduct that occurs during the commission of another offense.  *Hines v. State*, 75 S.W.3d 444, 445-48 (Tex.Crim.App. 2002).  Petitioner has failed to overcome the strong presumption of competence and high burden of actual prejudice required to establish ineffective assistance of counsel.  Petitioner's claims of ineffective assistance are without merit.  Furthermore, Petitioner's claim was considered and rejected by the state habeas court and this Court finds that the state court's decision was neither contrary to nor based on an objectively unreasonable application of clearly established federal law.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

*Actual Innocence Claim*

Petitioner claims he is actually innocent.  Pet'r Memo. at 1.  A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional violation.  *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  Here, Petitioner fails to establish any such violation.

However, even assuming Petitioner had established an independent constitutional violation, this claim is without basis.  The law is clear that "the miscarriage of justice exception is concerned with actual as compared to legal innocence."  *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  "To be credible," a claim of actual innocence must be based on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  If the petitioner asserts his actual innocence of the underlying crime, he must demonstrate, "in light of all the evidence," that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 328.  Petitioner

6

does not rely on any "new evidence" to support his claim of actual innocence.  Instead, his claim of actual innocence is based solely on the appellate court decision in *Hines*, which, as discussed, was subsequently reversed by the Texas Court of Criminal Appeals.  Petitioner is not entitled to relief on this claim.

The Court therefore **RECOMMENDS** that the Petition be **DENIED** on this issue.

<u>CONCLUSION</u>

For all the reasons stated herein, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Douglas Chad Harrell (Instrument No. 1) be **DISMISSED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties.  The Parties **SHALL** have until **May 15, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  <u>The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553</u>.  **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.   Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____24th_____ day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge